

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

NOV 29 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **JOHN MULVEY,** | ) |
| Plaintiff | ) ) ) |
| v. | |
| **MEDGUARD ALERT, INC.,** a Connecticut Corporation, and | 1:16-cv-10933 Judge Virginia M. Kendall Magistrate Judge Mary M. Rowland |
| **DAVID ROMAN**, individually and as an officer or manger of Medguard, Alert, Inc. | ) ) ) |
| Defendants | ) ) ) |

**COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT: 47 USC, SECTION 227**

The Plaintiff seeks statutory damages and injunctive relief under 47 USC 227 for violations of the Telephone Consumer Protection Act (the TCPA). The Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 USC 1331 and *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012).

2. Venue is proper in this district under 28 USC 1391(b)(2).

**PLAINTIFF**

3. Plaintiff John Mulvey is a resident of Chicago, Cook County, Illinois.

1

## DEFENDANTS

4. Defendant Medguard Alert, Inc. ("Medguard") is a Connecticut corporation with its principal place of business of 55 Sebethe Drive in Cromwell, Connecticut. Medguard transacts or has transacted business in the Northern District of Illinois and throughout the United States.

5. Defendant David Roman ("Roman") is the President of Medguard. At all times material to this complaint, Roman acting alone or in concert with others, has controlled and directed the operations of Medguard in this district and throughout the United States.

6. Furthermore, during 2015 and 2016, Roman has been a defendant in federal litigation in this district which made clear his awareness of the unlawful business practices of Medguard. Court filings placed him on notice that many of the common business practices of Medguard were and are in violation of federal statutes and regulations.

## STATEMENT OF FACTS

7. The Plaintiff works from a home office. On July 29, 2016 at about 1:43 PM, the Plaintiff was working at home when he received a telemarketing call on his cell phone from the Defendants' agent telemarketer.

8. The Plaintiff's cell phone (312-371-2941) has been on the national "do-not-call" registry since 2015.

9. The Plaintiff's caller ID showed that the call was from phone number 347-762-2167. A callback to this number yielded a message that the number was not a working number. It was apparently a "spoofed" number. Spoofing is a way to intentionally cause false caller ID data to appear on the called party's caller ID display and, thus, hide the true identity of the caller.

2

10. The initial part of the telemarketing call was a prerecorded voice message (a "robo-call") inviting the Plaintiff to press #1 for information about a free medical alert system. The Plaintiff pressed #1.

11. A live operator then came on the phone and told the Plaintiff that he had been referred by a friend and was eligible for a free medical alert system. Plaintiff would have to pay the monthly monitoring fee, but he could cancel at any time. Some conversation ensued.

12. During the course of this conversation, the Plaintiff put the Defendants' agent telemarketer on notice that he had called a cell phone. The telemarketer continued his sales pitch and told the Plaintiff that he would get a more costly system than was first discussed. This more costly system is compatible with cell phones and costs $39.95 per month for monitoring.

13. During the course of this conversation, the Defendants' telemarketer falsely told the Plaintiff that the name of his company was "MedicAlert." MedicAlert is the name of a non-profit foundation based in California. Medguard has no known affiliation with MedicAlert.

14. The Defendants' agent telemarketer took the Plaintiff's personal information and transferred him to a second telemarketer who verified the information and welcomed him aboard.

15. On or about August 15, 2016, the Plaintiff received in the mail an "i-Help" mobile medical alarm. This equipment came as the result of the Defendants' agent telemarketer's call to the Plaintiff on July 29th. The Plaintiff has made unsuccessful efforts to return the equipment.

16. Medguard has made repeated monthly charges of $39.95 to the Plaintiff's credit card. These charges are the result of the Defendants' agent telemarketer's call to the Plaintiff on July 29th. The Defendants have failed to cancel or refund most of these charges despite their promises that the Plaintiff could cancel at any time and despite repeated requests by the Plaintiff asking that the charges be cancelled and refunded.

17. On August 16, 2016, the Plaintiff sent a Certified Letter to Defendant David G. Roman at Medguard Alert, Inc, 55 Sebethe Drive in Cromwell Connecticut 06416. Records of the US Postal Service reflect that this letter was delivered on August 19, 2016. In this letter, the Plaintiff requested a copy of Medguard's written policy for maintaining a "do-not-call" list. The Plaintiff has never received the written policy document.

18. On September 9, 2016 at about 11:37 AM, the Defendants' agent telemarketer initiated a second prerecorded robocall to the Plaintiff's cell phone, inviting the Plaintiff to press # 1 for information about a free medical alert system. The Plaintiff was busy and hung up. The number shown on the Plaintiff's caller ID was 914-567-5927. A callback revealed a busy signal.

19. On September 22, 2016 at about 10:11 AM, the Defendants' agent telemarketer initiated a third prerecorded robocall to the Plaintiff's cell phone, inviting the Plaintiff to press # 1 for information about a free medical alert system. The Plaintiff was busy and hung up. The number shown on the Plaintiff's caller ID was 914-567-5927. The callback message was that the call "cannot be completed as dialed."

20. On September 27, 2016 at about 11:24 AM, the Defendants' agent telemarketer initiated a fourth prerecorded robocall to the Plaintiff's cell phone, inviting the Plaintiff to press # 1 for information about a free medical alert system. The Plaintiff was busy and hung up. The number shown on the Plaintiff's caller ID was 914-567-5927. The callback message was that the call "cannot be completed as dialed."

21. On September 29, 2016 at about 10:18 AM, the Defendants' agent telemarketer initiated a fifth prerecorded robocall to the Plaintiff's cell phone, inviting the Plaintiff to press # 1 for information about a free medical alert system. A three-minute conversation with telemarketer "Carmen" ensued. Carmen hung up on the Plaintiff when the Plaintiff asked the

name of her company. The number shown on the Plaintiff's caller ID was 312-409-7771. Calling back, the number appeared to be a residential number.

22. On October 6, 2016 at about 12:45 PM, the Defendants' agent telemarketer initiated a <u>sixth</u> prerecorded robocall to the Plaintiff's cell phone, inviting the Plaintiff to press # 1 for information about a free medical alert system. A conversation with telemarketer "Dennis" ensued. Dennis hung up on the Plaintiff when the Plaintiff provided his name to the telemarketer. The number shown on the Plaintiff's caller ID was 312-862-7832. Calling back, the message was that the number was not a working number.

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

23. On July 29, September 9, September 22, September 27, September 29, and October 6, 2016, the Defendants' agent telemarketers initiated six calls to the Plaintiff's cellular telephone number (312-371-2941). This number had been listed on the national "do-not-call" registry since 2015. The Defendants did not have permission of any kind to initiate calls to this number. Each of these six calls is a violation of 47 CFR 64.1200(c)(2) and 47 CFR 64.1200(e). The Defendants were previously made aware of "do-not-call" violations by their telemarketers in the filings made under Case # 15 CV 5781 (N.D. Illinois). Furthermore, Defendant David Roman received a letter from the Plaintiff on August 19, 2016. In that letter, the Plaintiff made Roman aware that his cell phone had been on the "do-not-call" registry since November of 2015.

24. On July 29, September 9, September 22, September 27, September 29, and October 6, 2016, the Defendants' agent telemarketers "spoofed" their caller ID information so that false caller ID information would appear on the Plaintiff's caller ID display, effectively concealing the identity of the telemarketers. Each of these six spoofing incidents is a violation of 47 USC 227

5

(e)(1) and 47 CFR 64.1601(e). The Defendants were previously made aware of "spoofing" by their telemarketers in the filings made under Case # 15 CV 5781 (N.D. Illinois).

25. On July 29, September 9, September 22, September 27, September 29, and October 6, 2016, the Defendants' agent telemarketers initiated robocalls using a prerecorded voice to the Plaintiff's cell phone. Each of these six robocalls is a violation of 47 USC 227 (b)(1)(A)(iii). The Defendants were previously made aware of their agent telemarketers' robocalling practices in the filings under Case # 15 CV 5782 (N.D. Illinois).

26. On July 29, 2016, the Defendants' telemarketer failed to truthfully identify the entity on whose behalf he was calling. Instead, he falsely stated he was working for "MedicAlert." This is a violation of 47 CFR 64.1200 (d)(4). The Defendants were previously made aware that their agent telemarketers were lying to consumers in the filings under Case # 15 CV 5782 (N.D. Illinois).

27. On August 19, 2016, Defendant David Roman at Medguard received a demand for a copy of Medguard's written policy for maintaining a "do-not-call" list. Mr. Roman has failed to provide that document in violation of 47 CFR 64.1200(d)(1).

**RELIEF SOUGHT**

The Telephone Consumer Protection Act allows private rights of action for violations of the Act and Regulations. Injunctive relief is available, as well as $500.00 in statutory damages for each violation. Treble damages are available if a court finds that a defendant willfully or knowingly violated the Act or Regulations. 47 USC 227(b)(3) and 47 USC 227(c)(5).

**Money Damages**

The Plaintiff asks that this Court award a total of $28,000.00 in damages, broken down as follows: (a) $500.00 for the "do-not-call" violation of July 29, 2016 and $1500.00 for each of the remaining five "do-not-call" violations, the latter five committed after Defendant Roman received the Plaintiff's letter on August 19, 2016, (b) $1500.00 for each of the six caller ID / spoofing violations, (c) $1500.00 for each of the six robocall to cell phone violations, (d) $1500.00 for the agent telemarketer's July 29th misrepresentation of the entity on whose behalf he was calling, and (e) $500.00 for Roman's failure to provide the "do-not-call" policy document. It is clear from the facts that five of the six "do-not-call" violations, as well as (b), (c), and (d) were willful or knowing violations.

**Injunctive Relief**

The Defendants target elderly and vulnerable populations with their marketing. Medguard telemarketers lie to consumers about who referred them. Medguard telemarketers lie about the customers' ability to cancel monitoring contracts. Medguard telemarketers lie about who they work for. Perhaps the greatest lie involves caller ID "spoofing." When Medguard and its agent telemarketers lie and use spoofing, they obstruct justice. They create a barrier which insulates them from accountability and makes it impossible for customers, customers' attorneys, and regulatory and enforcement agencies to identify who is really behind the lies. 47 USC 227(e)(1) clearly prohibits any person from generating inaccurate caller ID information "with the intent to defraud, cause harm, or wrongfully obtain anything of value . . . "

The Plaintiff asks that this Court issue an injunction blocking Medguard, David Roman, and their agent telemarketers from using any "spoofing" or other device or practice which would (1) block

7

the true telephone number of telephone equipment used by Medguard to make outgoing telemarketing calls, or (2) cause false caller identification information to be displayed on a telephone device of any consumer. An injunction is a fair and reasonable remedy. Without injunctive relief, Medguard, David Roman and their agent telemarketers, are likely to continue to injure consumers and harm the public interest.

Respectfully Submitted,

John Mulvey, pro se

John Mulvey
3754 W. 113 Street
Chicago, Illinois 60655
312-371-2941
JMulveyJD@gmail.com